**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LESLIE BAAS; TRACY OSTEEN; and
DOYLE NAPIER,

        Plaintiffs,

v.                                                               Case No. 6:15-cv-565-Orl-37KRS

MICHAEL A. FEWLESS; and JOHN
MCMAHON,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiffs' Motion for Rehearing and/or Reconsideration (Doc. 48), filed December 19, 2016; and

2. Defendants' Response to Plaintiffs' Motion for Rehearing and Reconsideration (Doc. 49), filed December 21, 2016.

**BACKGROUND**

On April 7, 2015, Plaintiffs initiated this action against Defendants for alleged violations of the Driver's Privacy Protection Act ("**DPPA**"). Finding that Defendants' use of the photographs on Plaintiffs' drivers licenses ("**DL Photos**") in lobbying members of the Florida Senate Judiciary Committee ("**Committee**") did not violate the DPPA (*see* Doc. 46 ("**Summary Judgment Order**")), the Court entered judgment in favor of Defendants and against Plaintiffs (Doc. 47 ("**Judgment**")). Plaintiffs now move to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) (Doc. 48 ("**Motion to Reconsider**").) Defendants oppose the motion. (Doc. 49.)

**STANDARDS**

Reconsideration under Federal Rule of Civil Procedure 59(e) is appropriate on the basis of: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Beepot v. JP Morgan Chase Nat'l Corp. Servs.*, 626 F. App'x 935, 939 (11th Cir. 2015); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). But Rule 59 is not an appropriate device to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Indeed, "[t]he Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly," *Mannings v. Sch. Bd. of Hillsborough Cty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993), and "the decision to grant such relief is committed to the sound discretion of the district judge . . . ." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

**DISCUSSION**

In their Motion to Reconsider, Plaintiffs assert that the Court should alter or amend the Judgment to "correct clear error or manifest injustice." (Doc. 49.) Specifically, Plaintiffs argue that the Court erred by failing to: (1) consider a notice of disciplinary action (Doc. 42-3 ("**Notice**")) against Defendant John McMahon ("**Agent McMahon**") for distributing the DL Photos to Defendant Michael Fewless ("**Captain Fewless**") ("**Evidentiary Argument**"); and (2) employ a balancing test in determining whether Defendants' actions violated the DPPA ("**Balancing Argument**"). (*Id.*)

**I.     Evidentiary Argument**

In its Summary Judgment Order, the Court found that Defendants' actions

constituted law enforcement agency functions and thus fell within the government function exception of the DPPA. (Doc. 46; *see also* 18 U.S.C. 2721(b)(1) ("**Government Function Exception**").) To rebut this conclusion, Plaintiffs argue that the disciplinary action taken against Agent McMahon by issuance of the Notice negates the argument that he was "carrying out [law enforcement agency] functions" when he distributed the DL Photos to Captain Fewless for use in lobbying. (Doc. 48, pp. 2–3.) In support, Plaintiffs contend that "law enforcement agencies do not discipline their employees for proper conduct that falls within the course and scope of their duties." (*Id.* at 3.) The Evidentiary Argument finds no basis in law. Plaintiffs cite no decisional law, nor has the Court found any, to support the proposition that a violation of a state agency's internal policy is relevant to or alters the application of federal law in determining the boundaries of the Government Function Exception. As such, the Court did not err in declining to consider the Notice.

## II.     Balancing Argument

As a second ground for reconsideration, Plaintiffs contend that, after concluding that Defendants' actions fit within the Government Function Exception, the Court was required to balance the competing interests at play here—that is, Plaintiffs' privacy interests in the DL Photos and the governmental interest in disclosing the DL Photos. (Doc. 48, pp. 5, 7.) But as Plaintiffs readily admit, Congress has already struck that balance. (*See id.* at 5.) As noted by U.S. District Judge Stanwood R. Duval, "[i]n enacting the DPPA, Congress intended to strike 'a critical balance between legitimate governmental and business needs for this information, and the fundamental right of our people to privacy and safety.'" *See Russell v. ChoicePoint Servs.*, 300 F. Supp. 2d 450, 456 (E.D. La. 2004) (quoting 139 Cong. Rec. S15, 763 (1993)). To suggest that the Court

should revisit the congressional balancing analysis would improperly encroach on the legislative prerogative of Congress. That is not the role of the judiciary.

In making this argument, Plaintiffs also contend that Captain Fewless's true purpose for disclosing the DL Photos was not to lobby the Committee, but rather to propagate a "counter-stereotype" to the lobbying efforts of a pro-gun lobbyist. (Doc. 48, p. 5 (citing Captain Fewless's deposition testimony).) Plaintiffs imply that this hidden motive prevents Defendants' actions from falling within the Government Function Exception. But nothing in the record suggests that Defendants obtained or used the DL Photos for anything other than lobbying. The use of the DL Photos falls within the Government Function Exception established by Congress. There is no further balancing to be done.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Rehearing and/or Reconsideration (Doc. 48) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 17, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record